```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND


MITRA RANGARAJAN              *
                              *
v.                            *
                              *   Civil Action No. WMN-12-1953
JOHNS HOPKINS HEALTH SYSTEM   *
CORP. et al.                  *
                              *
   *   *   *   *   *   *   *  *  *   *   *   *   *   *   *

MITRA RANGARAJAN              *
                              *
v.                            *
                              *   Civil Action No. WMN-13-3630
JOHNS HOPKINS UNIVERSITY      *
                              *
   *   *   *   *   *   *   *  *  *   *   *   *   *   *   *
```

**MEMORANDUM AND ORDER**

Pending before the Court in the above-captioned actions are motions to consolidate these actions for the purposes of dispositive briefing and, if necessary, for trial.  ECF No. 97 in Civ. No. WMN-12-1953 (the FCA case)[1] and ECF No. 32 in WMN-13-3630 (the Title VII case).[2]  Under Rule 42(a) of the Federal Rules of Civil Procedure, a court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid

---

[1] Plaintiff asserts in this action a claim of retaliation under the federal False Claims Act, and state law claims of defamation and tortious interference with prospective business advantage.

[2] Plaintiff asserts in this action claims under Title VII of the Civil Rights Act of 1964, and state law claims of defamation and tortious interference with prospective business advantage.

unnecessary cost or delay," if those actions "involve a common question of law or fact."  The district court is accorded broad discretion in its determination as to whether cases should be consolidated, weighing "logistical factors" such as "time, expense, travel burdens, etc.," against "[t]he risks of prejudice and possible confusion" that might result from consolidation. Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

In a ruling last year denying a motion to amend in the FCA case, this Court noted that these cases relate to an identical time period and involve much of the same alleged conduct.  ECF No. 66 at 5.  The Court explained:

> In both actions, Plaintiff alleges that she was treated unfairly by Johns Hopkins personnel, particularly Dr. Kalloo; was retaliated against; was constructively discharged; and, was sabotaged in her efforts to find new employment.  In one case she alleges that these actions were taken because she protested fraudulent billing but makes no reference to any discriminatory motives.  In the other, she alleges that she was discriminated against because of her skin color and ethnicity but makes no reference to any hostility engendered by her opposition to Johns Hopkins' billing practices.  While in a single action, a plaintiff can plead in the alternative, it would be highly prejudicial to Defendants to have to defend the same conduct in two separate actions under two separate theories.

Id. at 9.  The Court opined at that time that "these cases should be consolidated at least for discovery, if not for all further proceedings, including trial."  Id.  The Court repeated

that opinion in a December 16, 2015, correspondence to counsel in the Title VII case.  ECF No. 19 at 1 (noting "it would seem advantageous to consolidate these actions").  The cases already have been consolidated for purposes of discovery and for an unsuccessful settlement conference.

Despite her previous representation in the FCA case that "Plaintiff does not oppose consolidating Case No. 13-cv-3630 with Case No. 12-cv-1953," ECF No. 73 at 3, Plaintiff has opposed the instant motion.  Her primary argument is that there are different legal standards and elements of proof for the claims brought in the two actions.  There is, however, nothing unique about asserting different causes of action under different legal theories in the same action where those causes of action arise out of the same alleged course of conduct.  Plaintiff has, in fact, already done that in both of these actions by combining her federal claims with different state law claims.

For the reasons previously stated, the Court finds that consolidation is the most efficient, most cost effective, and most equitable means by which these actions can be resolved, whether by dispositive motions or by trial.  Accordingly, IT IS this 16th day of September, 2016, by the United States District Court for the District of Maryland, ORDERED:

(1) That the Motions to Consolidate these actions, ECF No. 97 in Civil Action No. WMN-12-1953 and ECF No. 32 in Civil Action No. WMN-13-3630, are GRANTED;

(2) That the above-captioned cases are hereby consolidated for all purposes under Civil Action No. WMN-12-1953, and all future pleadings are to be captioned and filed in that action;

(3) That all pleadings filed heretofore in Civil Action No. WMN-13-3630 shall be deemed to have been filed in Civil Action No. WMN-12-1953;

(4) That Civil Action No. WMN-13-3630 is hereby ADMINISTRATIVELY CLOSED; and

(5) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge